UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY LEE JENKINS                                          CIVIL ACTION

VERSUS                                                     NO. 19-11686

BP EXPLORATION &                                           SECTION M (2)
PRODUCTION INC., *et al.*

## ORDER & REASONS

Before the Court is a motion by plaintiff Henry Lee Jenkins to deem admissible the opinions of his purported general causation expert, Dr. Jerald Cook, because of the defendants' alleged spoliation of evidence related to the oil-spill clean-up workers' exposure to oil and other chemicals.[1]  Defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") respond in opposition.[2]

Jenkins's spoliation motion is substantially the same as those filed by the plaintiffs and denied by this Court in other B3 cases. *See, e.g., Fairley v. BP Expl. & Prod. Inc.*, 2022 WL 16731817 (E.D. La. Nov. 3, 2022); *Moore v. BP Expl. & Prod. Inc.*, 2022 WL 16694238 (E.D. La. Nov. 3, 2022).  As did the plaintiff in *Fairley*, Jenkins argues that this Court should deem admissible the faulty opinions of his purported general causation expert (Cook) because BP spoliated evidence by failing to undertake a monitoring program to develop evidence of the clean-up workers' actual toxic exposures to the specific chemicals that were in the weathered oil.[3]  In *Fairley*, this Court found that the plaintiff did not meet his burden to prove spoliation because there was no allegation that BP destroyed, altered, or failed to preserve any *existing* evidence, there

---

[1] R. Doc. 33.
[2] R. Doc. 42.
[3] R. Doc. 33-1 at 1-24.

was no proof that BP had a duty to conduct a monitoring program to create evidence in order to preserve it, there was no evidence that BP acted in bad faith, and finally, the proposed remedy of deeming Cook's opinions relevant would not cure the deficiencies in his report. *Fairley*, 2022 WL 16731817, at *3-4.

Here, however, Jenkins attempts to avoid this outcome by attaching to his motion an affidavit executed by Dr. Linda Birnbaum, former director of the National Institute of Environmental Health and Safety, in which she states that a monitoring program would have improved worker safety, would have helped to protect workers from long- and short-term health effects, and would have been the only way to obtain quantitative data on spill workers' exposures that could now be used to establish a person's exposure to a "given chemical at a given level."[4] Dr. Birnbaum also attests that the Gulf Study, which Cook reviewed, is the best available evidence of the workers' exposures, and that it is not "plausible" to establish an oil-spill responder's quantitative exposure to a particular chemical at a given level based on the data that was collected during the spill response considering the thousands of chemicals and other variables at play.[5]

The addition of Dr. Birnbaum's affidavit does not save Jenkins's spoliation motion.[6] Dr. Birnbaum's affidavit does not establish that BP destroyed, altered, or failed to preserve any *existing* evidence, nor that BP had a duty to conduct a monitoring program to *create* evidence in order to preserve it. Moreover, Dr. Birnbaum's affidavit does not provide evidence that BP acted in bad faith. Once again, a B3 plaintiff (this time Jenkins) is left to argue that BP's failure to undertake a monitoring program to *develop* and *preserve* evidence, which might potentially have

---

[4] R. Doc. 33-26 at 1-5.
[5] *Id.* at 5-7.
[6] Setting to one side its content, BP correctly argues that Dr. Birnbaum's affidavit should not even be considered because it purports to offer expert opinions and Dr. Birnbaum was not properly or timely disclosed as an expert. This constitutes a separate and additional reason the affidavit should not make any difference with respect to the spoliation motion.

2

aided future B3 plaintiffs in making claims against BP, amounted to spoliation because such evidence really came into being when the future B3 plaintiffs were exposed to the weathered oil.[7] In no way can Dr. Birnbaum's affidavit be read to support this absurd and repeatedly rejected argument; instead, the affidavit candidly states that contemporaneous monitoring was the only way to collect quantitative data for a general causation opinion and it was not done.  The affidavit points to no source (statute, rule, or other dictate) imposing a duty on BP to conduct such monitoring and, by suggesting that monitoring was necessary to create evidence of exposure, it concedes that no such evidence ever existed for BP to preserve.  Courts have held that "the duty to preserve evidence does not include the duty to *create* evidence.  Since the duty to preserve evidence implies a duty not to alter or destroy *existing* evidence, 'spoliation does not encompass a defendant's failure to photograph an accident site ....  Thus, the absence of after-the-fact photographs ... cannot support a spoliation claim.'" *De Los Santos v. Kroger Tex., LP*, 2015 WL 3504878, at *6 n.4 (N.D. Tex. June 3, 2015) (quoting *Bertrand v. Fischer*, 2011 WL 6254091, at *4 (W.D. La. Dec. 14, 2011)) (emphasis in original; internal citation and alteration omitted).  Said differently, "[a] failure to *collect* evidence that may or may not have been available for collection is very different from the intentional destruction of evidence that constitutes spoliation." *United States v. Greco*, 734 F.3d 441, 447 (6th Cir. 2013) (emphasis added).  Thus, like the plaintiff in *Fairley*, Jenkins has not met his burden on spoliation.

Accordingly, for the reasons stated in the Order & Reasons issued in *Fairley,* which are not altered by Dr. Birnbaum's affidavit,

IT IS ORDERED that Jenkins's spoliation motion (R. Doc. 33) is DENIED.

---

[7] R. Doc. 33-1 at 20-21.

Also before the Court is BP's *Daubert* motion *in limine* to exclude Cook's general causation opinions[8] and BP's motion for summary judgment arguing that the case should be dismissed because Jenkins cannot prove general causation without Cook's opinions.[9] Jenkins responds in opposition to both motions,[10] and BP replies in further support of its motions.[11]

BP's motions here are nearly identical to those filed by BP, and granted by this Court, in other B3 cases.[12] *See, e.g., Brister v. BP Expl. & Prod. Inc.*, 2022 WL 3586760 (E.D. La. Aug 22, 2022); *Burns v. BP Expl. & Prod. Inc.*, 2022 WL 2952993 (E.D. La. July 25, 2022); *Carpenter v. BP Expl. & Prod. Inc.*, 2022 WL 2757416 (E.D. La. July 14, 2022); *Johns v. BP Expl. & Prod. Inc.*, 2022 WL 1811088 (E.D. La. June 2, 2022). Again, however, Jenkins attempts to save his case with Dr. Birnbaum's affidavit by using it to argue that there were no alternative studies upon which Cook could have relied and his reliance on and analysis of the available literature were scientifically robust. This attempt, too, is futile.

First, the Court should not even consider Dr. Birnbaum's affidavit because it purports to give expert opinions based on her "education, knowledge, training, and expertise," and Jenkins did not timely or properly disclose her as an expert.

Second, Dr. Birnbaum's affidavit is irrelevant to the issue of general causation in this case, which requires examination of the dose of exposure known to cause harm in the general population. To be sure, she admits that a general causation opinion establishing quantitative exposure is not

---

[8] R. Doc. 31.
[9] R. Doc. 32.
[10] R. Docs. 35; 34.
[11] R. Docs. 39; 41.
[12] The June 21, 2022 version of Cook's report was used in this case. R. Doc. 31-4. The Court has reviewed all versions of Cook's report and concludes that none of the later versions cures the previously identified deficiencies in his prior reports; specifically, none of Cook's reports provides admissible general causation opinions. *See Fairley*, 2022 WL 16731817, at *2 (citing *Thompson v. BP Expl. & Prod. Inc.*, 2022 WL 3924579, at *1 n.5 (E.D. La. Aug. 30, 2022), for the proposition that "Version 4.0" of Cook's report, dated June 21, 2022, did not cure the previously identified deficiencies in his prior reports and did not provide admissible general causation opinions).

"plausible" given the data available from the BP oil spill, and she fails to cite other literature that would support a general causation opinion. As the court underscored in *Walker v. BP Exploration & Production Inc.*, 2022 WL 17987118 (E.D. La. Dec. 29, 2022):

> Birnbaum's affidavit neither cures nor explains the deficiencies of Cook's report. … [T]he question of an individual oil responder's exposure level is relevant to specific causation, not general causation. The fundamental question in the general causation inquiry is whether the chemicals, weathered oil, and dispersants to which plaintiff alleges he was exposed can cause the conditions he alleges. Cook's report fails to identify the level of exposure to a relevant chemical that can cause the conditions asserted in plaintiff's complaint and therefore cannot show general causation. The alleged impossibility of establishing a BP Oil Spill responder's quantitative exposure to a given chemical at a given level does not affect Cook's ability to consult the relevant scientific and medical literature on the harmful effects of oil to determine whether a relevant chemical has the capacity to cause the harm alleged by plaintiff in the general population.

*Id.* at *8 (footnotes, quotations, alterations, and citations omitted).

Finally, Dr. Birnbaum's opinion that BP could have undertaken a monitoring program that would have yielded data to support a general causation opinion is irrelevant because neither she nor Jenkins points to any duty on the part of BP to collect such data. After all, the government, not BP, was in charge of the spill response and it never required BP to collect the data, even if Dr. Birnbaum were correct to say it was possible to do so.

Accordingly, for the reasons stated in the Court's Orders & Reasons issued in previous B3 cases,

IT IS ORDERED that BP's *Daubert* motion to exclude Cook (R. Doc. 31) is GRANTED.

IT IS FURTHER ORDERED that BP's motion for summary judgment (R. Doc. 32) is GRANTED, and Jenkins's claims against them are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 12th day of January, 2022.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE